IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LENORD G. BYRD, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1558-G (BK) | |
| § | | |
| ATMOS ENERGY, § | | |
|     Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3 this case was referred for pretrial management.

**I. BACKGROUND**

On August 11, 2010, Plaintiff filed this *pro se* employment discrimination action along with a motion to proceed *in forma pauperis*. On August 19, 2010, the court ordered Plaintiff to file a complaint in compliance with Federal Rule of Civil Procedure 8(a). On September 12, 2010, after concluding that Plaintiff would not suffer undue financial hardship, the magistrate judge ordered him to pay the $350.00 filing fee within thirty days. Both orders advised Plaintiff that, if he failed to comply, the denial of his motion for leave to proceed *in forma pauperis* would be recommended, and this action would be subject to dismissal without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

On October 22, 2010, in light of his *pro se* status and the potential limitation on the re-prosecution of this suit, the magistrate judge *sua sponte* granted Plaintiff an extension of time to

pay $350 filing fee.[1]  To date, Plaintiff has not paid the requisite filing fee.

## II.  ANALYSIS

A. <u>Denial of Motion to proceed *In Forma Pauperis*</u>

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a)(1). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff has provided information which indicates that he is employed earning $3,800.00 per month. (Doc. #6 at 1.) He lists the following assets: a checking account with $100, a 2005 GMC truck valued at $8,000, and a 401K valued at $16,000. (Doc. #3 at 2-3, and Doc. #6 at 3-4.) Although Plaintiff lists his family monthly expense at $3,172, he has itemized only $2,766 of those expenses. (Doc. #6 at 4-5.) In addition, while Plaintiff lists a 30-year-old daughter and an eleven-year-old grandson as dependents in his supplemental affidavit, he does not specify how much, if any, he contributes to them on a monthly basis. (*Id.* at 4.) In light of this information, the court concludes that Plaintiff will not suffer undue financial hardship after payment of the $350.00 filing fee, and that his motion to proceed *in forma pauperis* should be denied.

---

[1] The ninety-day period for filing a suit in federal court set out in the May 12, 2010 right-to-sue letter of the Equal Protection Opportunity Commission (EEOC) has long expired. (*See* Doc. #1 at 4.) The Court of Appeals for the Fifth Circuit treats the ninety-day filing period as a statute of limitations. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985).

B.     Involuntary Dismissal

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to pay the requisite filing fee and submit a complaint in compliance with Rule 8(a). He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (treating involuntary dismissal of Title VII case for failure to prosecute as dismissal with prejudice, where plaintiff was time barred from reasserting Title VII claim); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519-21 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution). In addition, the court must find

3

"at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry*, 975 F.2d at 1191.

In this case, Plaintiff has a clear record of purposeful delay. This case has been pending for over three months, and this is Plaintiff's second failure to pay the requisite filing fee, not to mention his failure to file an amended complaint in compliance with Rule 8(a). Altogether, Plaintiff has ignored this lawsuit and this court's orders. Since Plaintiff is proceeding *pro se*, the delay caused by his refusal to comply with court's orders is attributable to him alone. *See Berry*, 975 F.2d at 1191. In light of Plaintiff's intentional failure to respond to this court's orders, no lesser sanction will prompt diligent prosecution of this case. Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Plaintiff's action.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to proceed *in forma pauperis* (Doc. #3) be **DENIED**, and that this action be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED November 22, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE